UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| RACHEL RUIZ, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | CIVIL ACTION NO. _____ |
| § | |
| XPO LOGISTICS, INC., XPO § | |
| LOGISTICS LTL, INC., XPO § | |
| ENTERPRISE SERVICES, LLC, § | |
| and XPO LOGISTICS FREIGHT, INC., § | |
| § | |
| Defendants. § | |

## DEFENDANTS' NOTICE OF REMOVAL

Defendants XPO Logistics, Inc., XPO Enterprise Services, LLC, and XPO Logistics Freight, Inc. ("Defendants")[1], by and through the undersigned counsel, file their Notice of Removal of this action from the County Court at Law No. 1 of Dallas County, Texas to the United States District Court for the Northern District of Texas, Dallas Division, the District and Division encompassing the state court in which this action is pending. This Notice of Removal is filed pursuant to 28 U.S.C. §§ 1331, 1441 and 1446. In support thereof, Defendants respectfully show this Court as follows:

    **A.**    **State Court Litigation**

    1.    XPO Logistics, Inc., XPO Logistics LTL, Inc., XPO Enterprise Services, LLC, and XPO Logistics Freight, Inc. are the named Defendants in the case styled *Rachel Ruiz v. XPO Logistics, Inc., XPO Logistics LTL, Inc., XPO Enterprise Services, LLC, and XPO Logistics Freight, Inc.*, Cause No. CC-20-04441-A, which is currently pending in the County Court at Law No. 1 of Dallas County, Texas ("State Court Litigation").

---

[1] Plaintiff named XPO Logistics LTL, Inc. as a Defendant. No such entity exists.

### B. Procedural Requirements

2. This action is properly removed to this Court, as the State Court Litigation is pending within this district and division pursuant to 42 U.S.C. §1446(a). See 28 U.S.C. §124(a)(1).

3. Pursuant to 28 U.S.C. §1446(a), this Notice of Removal is accompanied by copies of the following Index of materials filed or served in the State Court Litigation:

| | |
|---|---|
| Exhibit A | State Court Docket Sheet |
| Exhibit B | Plaintiff's Original Petition |
| Exhibit C | Citation issued to XPO Logistics, Inc. |
| Exhibit D | Citation issued to XPO Enterprise Services, LLC |
| Exhibit E | Citation issued to XPO Logistics Freight, Inc. |
| Exhibit F | Citation issued to XPO Logistics LTL, Inc. |
| Exhibit G | Affidavit of Service for XPO Logistics Freight, Inc. |
| Exhibit H | Affidavit of Service for XPO Enterprise Services, LLC |
| Exhibit I | Defendants' Answer |

### C. Timeliness of Removal

4. On October 9, 2020, Plaintiff Rachel Ruiz ("Plaintiff") filed an Original Petition in the State Court Litigation (the "Complaint").

5. This removal is timely as it is filed within thirty (30) days after Defendants XPO Enterprise Services, LLC and XPO Logistics Freight, Inc. were served with the Complaint on October 16, 2020. 28 U.S.C. §1446(b)(1). The named Defendant XPO Logistics LTL, Inc. does not exist. The named Defendant XPO Logistics, Inc. has not yet been served, but that Defendant is represented by the undersigned counsel and consents to this removal.

### D. Grounds for Removal – Federal Question

6. This Court has original, federal question jurisdiction over this action under 28 U.S.C. § 1331 and it is an action which may be removed to this Court by Defendants pursuant to 28 U.S.C. § 1441(a). This action involves claims that arise under the laws of the United States. Specifically, Plaintiff claims that Defendants violated the Family and Medical Leave Act (29 U.S.C. § 2614) with regard to her employment. *See* Plaintiff's Complaint, Section VIII (A).

7. This Court also has jurisdiction over Plaintiff's state law claims under Chapter 21 of the Texas Labor Code. *See* Plaintiff's Complaint, Section VIII (B) (C) and (D). As alleged in the Complaint, those claims arise from Plaintiff's employment and terms of Plaintiff's employment. Accordingly, this Court has jurisdiction over the state law claims which have been joined with those claims arising under its federal question jurisdiction pursuant to 28 U.S.C. § 1441(c), and supplemental jurisdiction over those claims pursuant to 28 U.S.C. 1367, because they are so related to claims in the action within the Court's original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

**E.     Grounds for Removal – Diversity**

8. This Court has also original jurisdiction over this case under 28 U.S.C. §1332 because this is a civil action between citizens of different states where the matter in controversy exceeds $75,000, exclusive of interest and costs. Therefore, this action is one that may be removed to this Court pursuant to the provisions of 28 U.S.C. §1441(b).

   **a. The amount in controversy exceeds the federal minimum jurisdictional requirements.**

9. Plaintiff asserts claims arising from her employment. As stated in her Prayer in the Complaint, Plaintiff seeks to recover back pay, front pay, compensatory damages, and punitive damages. Plaintiff seeks monetary relief of more than $1,000,000.00. *See* Plaintiff's Complaint

¶8. Accordingly, the amount in controversy in this matter clearly meets and exceeds the federal jurisdiction minimum of $75,000.

      **b. Complete diversity exists.**

10. As alleged in paragraph 2 of the Complaint, Plaintiff was at the time of filing this action and, on information and belief, still is an individual who resides in the State of Texas. Accordingly, for diversity purposes, Plaintiff is a citizen of the State of Texas.

11. As alleged in paragraph 3 of the Complaint, Defendant XPO Logistics, Inc. was incorporated in Delaware and its principal place of business is in Greenwich, Connecticut. This Defendant was at the time of filing this action, and still is, a citizen of the States of Delaware and Connecticut, as it was incorporated in the State of Delaware, and its principal office and place of business is located in Connecticut.

12. As alleged in paragraph 5 of the Complaint, Defendant XPO Enterprise Services, LLC was incorporated in Delaware and its principal place of business is in Portland, Oregon. XPO CNW, Inc. is the sole member of XPO Enterprise Services, LLC. XPO CNW, Inc. was incorporated in Delaware and its principal place of business is in Portland, Oregon. At the time of filing this action and at the time of this removal, XPO Enterprise Services, LLC and its sole member were citizens of the States of Delaware and Oregon.

13. As alleged in paragraph 6 of the Complaint, Defendant XPO Logistics Freight, Inc. was incorporated in Delaware. Its principal place of business is in Ann Arbor, Michigan. This Defendant was at the time of filing this action, and still is, a citizen of the States of Delaware and Michigan, as it was incorporated in the State of Delaware, and its principal office and place of business is located in Michigan.

14. Plaintiff has also named XPO Logistics LTL, Inc. as a Defendant. That entity does not exist, and this alleged Defendant may be disregarded for purposes of this diversity removal.[2]

F.   **Notice to Parties and State Court**

15. Upon filing of this Notice with the Federal District Court, Defendants will give notice of this filing to Plaintiff, and will also file a copy of this Notice with the Clerk of the County Court at Law No. 1 of Dallas County, Texas, where the action is currently pending.

For these reasons, Defendants respectfully request that the above-entitled action be removed to this Court.

Respectfully submitted,

By: */s/ William L. Davis*
William L. Davis
Texas Bar No. 05563800
William.Davis@jacksonlewis.com
David A. Scott
Texas Bar No. 17894515
David.Scott@jacksonlewis.com
JACKSON LEWIS P.C.
500 N. Akard, Suite 2500
Dallas, Texas 75201
PH: (214) 520-2400
FX: (214) 520-2008

**ATTORNEYS FOR DEFENDANT**

---

[2] To the extent this entity was to be considered, complete diversity still exists based on the Plaintiff's allegations. Plaintiff alleges in paragraph 4 of the Complaint that XPO Logistics LTL, Inc. was incorporated in Delaware with a principal place of business in Connecticut. Based on these allegations, this Defendant would be a citizen of Delaware and Connecticut.

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 6th day of November, 2020, I electronically filed the foregoing document with the Clerk of the Court for the Northern District of Texas, using the CM/ECF system which will send notification of such filing to all counsel of record:

> Jamie J. Gilmore
> Brittney L. Thompson
> Bailey & Galyen
> 1300 Summit Avenue, Suite 650
> Fort Worth, Texas 76102
> jgilmore@galyen.com
> bthompson@gaylen.com

*/s/ William L. Davis*
William L. Davis

4832-5143-2144, v. 2